(January 27, 1916.)

## CHAS. L. JOY & CO., LTD., a Corporation, Plaintiff, v. AUGUST CARLSON et al., Defendants.

[154 Pac. 640.]

REPEAL OF REGULATION STATUTE BY PROHIBITION LAW—STATUTORY CONSTRUCTION—SALE OF PURE ALCOHOL BY DRUGGIST.

1. Sec. 1510, Rev. Codes, providing that "All persons selling spirituous, malt or fermented liquors or wines in any quantity, not to be drank in, on or about the premises where sold, shall pay a license of two hundred dollars per year," which was originally enacted in 1899 as an amendment to an act entitled "An act to regulate the sale of intoxicating liquors," is repealed by chapter 28 of the Laws of 1915, p. 83, and therefore has no application to the sale of pure alcohol as provided by chapter 11, Laws 1915, p. 41.

2. *Held,* that under the provisions of chapter 11, Laws 1915, p. 41, druggists employing licensed pharmacists as required by law may import and sell pure alcohol for mechanical, scientific and medicinal purposes by procuring a permit for the importation thereof from the probate court of the county where the pure alcohol is to be used, and by limiting the sale to purchasers who have obtained a permit therefor from said probate court, and said druggists are not required to pay a license tax as provided in sec. 1510, Rev. Codes.

[As to evidence as to license to sell liquor, see note in **Ann. Cas.** 1913C, 626.]

Original proceeding in this court for a writ of prohibition prohibiting the county commissioners of Ada county from requiring a drug company employing licensed pharmacists to pay to the county a license tax of $200, as provided in sec. 1510, Rev. Codes. Peremptory writ of prohibition granted.

Oppenheim & Hodgin and Jay M. Parrish, for Plaintiff.

The license required under sec. 1510 was for the sale of intoxicating liquors, which were defined in sec. 1527 in the exact language that was later used in another act and construed by our supreme court in *State v. Osmers,* 21 Ida. 18, 120 Pac. 165, not to include alcohol.

Raymond L. Givens and E. P. Barnes, for Defendant.

Counsel in his brief relies upon the fact that this statute is in a chapter that is for the purpose of regulating the sale of intoxicating liquor. This license is not a regulatory one, but is for the purpose of raising revenue, and even though it is in this chapter, if it is not in direct conflict with the later prohibition acts and can be reconciled with them, it must be continued in force. (*State v. Forch,* 26 Ida. 755, 146 Pac. 110.)

BOTHWELL, District Judge.—This is an original application to this court for a writ of prohibition to restrain the county commissioners, sheriff and prosecuting attorney of Ada county from demanding and collecting from plaintiff the sum of $200, license tax, to authorize the sale by plaintiff of pure alcohol for mechanical, scientific or medicinal purposes.

It is alleged in the affidavit that the defendants, August Carlson, William Howell and Mans H. Coffin, as the duly elected, qualified and acting county commissioners of Ada county, at the January meeting of the board of county commissioners, beginning on the 10th day of January, 1916, proceeding without authority of law and in excess of the jurisdiction of the said board of county commissioners, gave notice of their intention of requiring and compelling, and did notify the sheriff and prosecuting attorney of the said Ada county, to require and demand of plaintiff the sum of $200 license tax before the said plaintiff would be allowed to sell, on a proper permit from the probate court, pure alcohol for mechanical, scientific or medicinal purposes; that affiant is informed and believes, and therefore alleges the fact to be, that the defendants demanded the payment of said license tax from plaintiff under and by virtue of the terms and provisions of sec. 1510, Rev. Codes.

Affiant further alleges that plaintiff is regularly engaged in the retail drug business at Boise City, Ada county, state of Idaho, and has on hand a quantity of pure alcohol which

plaintiff desires and will sell to any person lawfully authorized to purchase the same, and holding a proper permit from a probate court of the state of Idaho. Affiant alleges that plaintiff has not paid said license tax of $200, or any other license tax, to the state of Idaho or to Ada county, but plaintiff employs a licensed pharmacist, under the laws of the state of Idaho, in each of its several places of business in said county.

The alternative writ of prohibition was issued and upon return day thereof the defendants filed their demurrer and answer, wherein they allege that plaintiff's affidavit on application for writ of prohibition does not state facts sufficient to constitute a cause of action.

The question for determination in this case is whether or not the plaintiff, a drug company employing licensed pharmacists as required by law, and engaged, among other things, in the sale of pure alcohol for mechanical, scientific and medicinal purposes in Ada county, is required to pay to said county a license tax of $200 before said plaintiff is allowed to sell, on proper permit from the probate court, pure alcohol for scientific, mechanical or medicinal purposes.

Counsel for plaintiff urge that the license tax should not be paid, because, first, sec. 1510, Rev. Codes, upon which defendants rely for their authority in collecting said tax, is null and void, and is no longer in force and effect and has been repealed *in toto* by chap. 11, Sess. L. 1915, p. 41, and by chap. 28, Sess. L. 1915, p. 83; second, that if said sec. 1510 is still in force, plaintiff is exempted from its provisions by the terms of sec. 1521, Rev. Codes.

Upon an examination of sec. 1510, Rev. Codes, which is as follows: "All persons selling spirituous, malt or fermented liquors or wines in any quantity, not to be drank in, on or about the premises where sold, shall pay a license of two hundred dollars per year. No license issued under this section shall be for less or longer than one year. Every person violating the provisions of this section shall be guilty of a misdemeanor and shall be punished therefor as provided for in section 1518," we find that said section was originally enacted

in 1899 as an amendment to sec. 23 of an act entitled "An act to regulate the sale of intoxicating liquors," Sess. L. 1890–91, p. 33, and was re-enacted in 1901 as "An act to regulate liquor licenses," as an amendment to sec. 23 of the act of 1899 (Sess. L. 1899, p. 21).

Sec. 1527, which was included within the original act as sec. 21, defines the words "intoxicating liquors" as used in said act to include "spirituous, vinous, malt and fermented liquors, and all mixtures and preparations thereof, including bitters that may be used as a beverage and produce intoxication."

This court had under consideration the term "intoxicating liquors" as defined in this act, in construing sec. 31 of Senate Bill No. 62, Sess. L. 1909, p. 9, in the case of *State v. Osmers,* 21 Ida. 18, 120 Pac. 165. The court in that case, at page 25 of the opinion, discusses at length the uses of pure alcohol and says that within the meaning of that act "pure alcohol is not a beverage but a violent irritant. There is no question but that the legislature may absolutely prohibit the manufacture and sale of alcohol and all intoxicants for beverages."

The license required by sec. 1510, *supra,* was for the sale of spirituous, malt or fermented liquors or wines not to be drunk in or about the premises where sold, and did not contemplate a license for the sale of pure alcohol for scientific or mechanical purposes. The phrase, "not to be drank in, on or about the premises where sold," is explanatory of the use for which the license was required. This section must be construed *in pari materia* with the entire chapter of which it was made a part in 1899 and re-enacted in 1901. The paragraph of sec. 1521, Rev. Codes, being a part of the same chapter but enacted in 1890–91, which provides that "It shall also be lawful for druggists, without the license herein provided, . . . . to sell alcohol for mechanical and scientific purposes," might suggest at first thought that the legislature recognized alcohol to be included in sec. 1510 as a spirituous liquor, in the sense that it is a beverage, and therefore espe-

cially provided that it might be sold by a regular druggist for mechanical and scientific purposes without license.

This contention, however, is without merit. Sec. 1521 was originally enacted as sec. 15 of "An act to regulate the sale of intoxicating liquors," enacted in 1890–91 (Sess. L. 1890–91, p. 33). Thus it will be readily seen that the phrase, "It shall also be lawful for druggists, without the license herein provided," contained in sec. 1521, Rev. Codes, had no application to sec. 1510 at the time of its enactment, because this latter section was not enacted until the year 1899. Nor can it be maintained that since the court has held that this section should be construed *in pari materia* with the entire chapter, that sec. 1510, though enacted in 1899, should be construed in connection with all of the sections in the original act which included the provisions of sec. 1521, that "It shall also be lawful for druggists, without the license herein provided, . . . . to sell alcohol for mechanical and scientific purposes," and that at the time of the enactment of sec. 1510 the legislature recognized its former legislation, and that therefore sec. 1510 was given to the people stamped with the acknowledgment that alcohol was included within the term "spirituous liquors," in the sense that it is a beverage, and but for the enactment of said sec. 1521, a license would be required before a druggist could lawfully sell alcohol for mechanical and scientific purposes. Construing it *in pari materia* with sec. 1521 and the other sections of the act of 1890–91, our attention is naturally directed to sec. 1 of the act which defines the purpose for which a license is required, and is as follows: "It shall be unlawful for any person, by himself, by agent, or otherwise, to sell spirituous, malt or fermented liquors or wines, to be drank in, on or about the premises where sold, without having first procured a license and given a bond as hereinafter provided."

To construe that the enactment of the provisions of sec. 1521 as above quoted was a recognition by the legislature that the sale of alcohol for mechanical and scientific purposes by druggists came within the license provisions of the act of

1890–91, p. 33, would be to hold that the legislature recognized such a sale as a sale for the purpose of a beverage. There can be no similarity between the meaning of a sale of intoxicating liquors for a beverage and a sale of alcohol for mechanical and scientific purposes. To so hold would be to say that a beverage is a mechanical and scientific purpose.

We must keep in mind the intent of the legislature as expressed in the title of the act of 1890–91 and 1899, viz., "To regulate the sale of intoxicating liquors," that is, the intoxicating liquors therein defined as those that may be used as a beverage, and since it is manifest that pure alcohol may not be used as a beverage, we are constrained to hold that said paragraph of sec. 1521 is simply descriptive of a right and does not operate as an integral part of chap. 33, Rev. Codes, the absence of which would require regular druggists to pay a license tax of $200 for selling alcohol for mechanical and scientific purposes, and that sec. 1510 has no application to the sale of pure alcohol by druggists for mechanical and scientific purposes.

Under chap. 11 of the Laws of 1915, p. 41, druggists employing licensed pharmacists, as required by law, may import and sell pure alcohol for mechanical and scientific purposes by procuring a permit from the probate court where the pure alcohol is to be used, for the importation thereof, and by limiting sales to purchasers who have obtained a permit therefor, from the said probate court, and this court has held that "scientific purposes," as used in said chapter, includes medicinal purposes. (See *In re Crane,* 27 Ida. 671, 151 Pac. 1006.)

As heretofore held, sec. 1510 was enacted "to regulate the sale of intoxicating liquors" used as a beverage. The sale or disposal of intoxicating liquors for beverage purposes is no longer permitted in the state of Idaho and this section of the Revised Codes is repealed by chap. 28 of the Laws of 1915, p. 83, and therefore can have no application to the sale of pure alcohol as provided by chap. 11, Laws 1915, p. 41.

It necessarily follows that druggists employing licensed pharmacists, as required by law, may import and sell pure alcohol for mechanical, scientific and medicinal purposes by

procuring a permit from the probate court where the pure alcohol is to be used, for the importation thereof, and by limiting sales to purchasers who have obtained a permit therefor from the said probate court, and are not required to pay a license tax as provided in sec. 1510, Rev. Codes.

We desire to say in passing, however, that pure alcohol can only be sold upon a strict compliance with the law, and that chap. 11 of the Laws of 1915, p. 41, which permits pure alcohol to be sold for mechanical, scientific and medicinal purposes, and none other, must be adhered to literally by the carrier, probate court, seller and purchaser, and the officers of this state are charged with the enforcement of this statute under a strict construction of its provisions, all of which are mandatory.

The peremptory writ must issue, and it is so ordered. Costs awarded to plaintiff.

Budge and Morgan, JJ., concur.